NELSON *v.* CITY OF DEARBORN.

1. ATTORNEY AND CLIENT—MUNICIPAL CORPORATIONS—PREJUDICE.

   Plaintiff attorney's reference to defendant city as one of the richest municipal corporations in the world because it contained a great manufacturing plant *held,* not prejudicial in jury action against city for services rendered, brought in the county where the factory was located, since it is scarcely to be expected that a jury of the vicinage would be unconversant with the character of the city and its worth.

2. SAME—ACTION FOR SERVICES RENDERED—INTERSPERSAL OF ARGUMENT INTO DIRECT TESTIMONY.

   Plaintiff attorney's interspersal of argument into his own direct testimony *held,* not likely to have prejudiced the minds of the jurors in his action for legal services rendered defendant.

3. SAME—VALUE OF SERVICES—BIAS—EVIDENCE.

   It was not error for trial court to exclude testimony of deputy clerk of city that he felt he could not rely on plaintiff attorney's opinion because of plaintiff's bias in connection with recall controversy in which plaintiff had been retained to defend the city clerk in suit by mayor to enjoin clerk from certifying the sufficiency of recall petitions against the mayor and from calling an election for his recall, since the fact that the witness felt plaintiff was biased in favor of the side he was to represent was not material to the question of the value of plaintiff's services.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 5 Am Jur, Attorneys at Law § 194; 53 Am Jur, Trial § 496.

[1–3] Counsel's appeal in civil case to wealth or poverty of litigants as ground for mistrial, new trial, or reversal. 32 ALR 2d 9.

[4] 5 Am Jur, Attorneys at Law § 190.

[5] 5 Am Jur, Attorneys at Law § 198.

[5] Amount of attorney's compensation (in absence of contract| or statute fixing amount). 143 ALR 672.

4. Same—Value of Services—Time Record—Pretrial Examination—Prejudice.

Fact that plaintiff attorney's time records were not made available to defendant city for pretrial examination *held,* not to have prejudiced defendant in the trial of action for legal services rendered city or to have surprised defendant, where the records were made available to defendant on trial and were fully exploited by the defendant before the jury in the cross-examination of plaintiff for the purpose of impeaching his testimony as to the amount of time he had devoted to defendant's service.

5. Same—Value of Services—Evidence—Verdict—Great Weight of Evidence.

Verdict of $7,500 for plaintiff in his action against city for legal services he had rendered in connection with the recall of its mayor *held,* not against the great weight of the evidence in view of the expert and other testimony, a question of fact being presented to the jury thereby and the verdict being within its scope.

Appeal from Wayne; O'Hara (Chester P.), J. Submitted June 15, 1954. (Docket No. 53, Calendar No. 45,958.) Decided October 4, 1954. Rehearing denied November 29, 1954.

Assumpsit by Walter M. Nelson against City of Dearborn, a municipal corporation, for attorney fees in connection with law suits and legal procedure arising out of petition for recall of mayor. Verdict and judgment for plaintiff. Defendant appeals. Affirmed.

*Walter M. Nelson, in propria persona.*

*Dale H. Fillmore,* Corporation Counsel, and *James D. Irvine,* Assistant Corporation Counsel (*Robert E. Childs,* of counsel), for defendant.

Dethmers, J. Defendant appeals from judgment for $7,500 entered on jury verdict for attorney's fees for legal services rendered to defendant by plaintiff.

Defendant says "the only issue involved is that the amount given plaintiff by the jury is excessive," and contends that it resulted from unfair tactics by plaintiff. The first such tactic cited is plaintiff's statement to the jury that defendant is "one of the richest municipal corporations in the world, because it contains, as you know, the great Ford plant." Plaintiff insists that the statement was proper as bearing on the amount involved in and the importance of the litigation in.which he defended the city clerk in a suit brought by the mayor to enjoin the clerk from certifying the sufficiency of recall petitions against the mayor and from calling an election for his recall. It is scarcely to be expected that a Wayne county jury would be unconversant with the character of defendant city and its worth. We are not impressed that defendant's case was prejudiced by the statement. Defendant also cites, as illustrative of plaintiff's unfair trial tactics, his interspersing of argument into his own direct testimony. We have examined the instances and find nothing in them likely to have prejudiced the minds of the jurors.

Defendant claims error in the trial court's refusal to permit a deputy clerk to testify, over objection, that he had felt that he could not rely on plaintiff's opinion in connection with the recall controversy because of plaintiff's bias. Plaintiff was retained to defend the clerk against the mayor's suit, not to prosecute it. The fact that the witness felt that plaintiff was biased in favor of the side he was engaged to represent was not material to the question of the value of plaintiff's services, and exclusion of such testimony was not reversible error.

Defendant complains of the court's denial of its motion for pretrial examination of plaintiff's time records. Those records were made available to defendant on trial and were fully exploited by the de-

fendant before the jury. There is no showing that defendant's failure to see them before trial resulted in an element of surprise or in any manner impeded or prejudiced defendant's presentation of its case. On the contrary, counsel for defendant used the records very effectively in the cross-examination of plaintiff for the purpose of impeaching his testimony as to the amount of time he devoted to defendant's service.

Was the verdict excessive? The testimony disclosed that plaintiff held many conferences with persons interested in or connected with the recall; prepared the necessary pleadings in the injunction suit and prevailed in that case, both in the circuit and the Supreme Court; that, at the request of a majority of the city council, he spent several days with them in the city hall interrogating witnesses and conducting a formal investigation into alleged irregularities in municipal affairs of defendant city; that he counseled with and advised city officials and engaged in legal research in connection with all of the above. Plaintiff testified that, in his opinion, the fair and reasonable value of his services was $10,-000; that he and his secretary, on the basis of his office records and files and their recollections, concluded that he had expended between 30 and 35 lawyer's days for defendant; that he had billed the city therefor at the rate of $100 per day, or a total of $3,500; that 5 of the 7 members of the city council twice voted to pay the bill but were unable to override the mayor's veto. Two lawyers, testifying as expert witnesses, gave it as their opinion that the value of the services rendered was $250 or $300 per day or more. Plaintiff's bill of particulars, testimony and office record detailed the services rendered. Defendant insists that plaintiff's office record discloses that he devoted a total of only 10-1/2 days to this matter. Plaintiff testified that in its

preparation he had not attempted to make a full record of time spent. Plaintiff failed to make a definite showing of the amount of time devoted to defendant's service and his office record did tend to refute his claims in that regard. However, the entire question of the amount of time devoted, its value on a per diem basis, the nature of the service rendered, its importance and the difficulties connected therewith, the amount involved, the skill possessed by plaintiff and the results achieved by plaintiff for defendant, elements properly to be considered in determining the fair and reasonable value of attorney's services, were all before the jury. Defendant introduced no testimony on the subject whatsoever. A question of fact was presented for the jury. The verdict is not against the great weight of the evidence, but is within its scope.

Affirmed, with costs to plaintiff.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, REID, and KELLY, JJ., concurred.